## Homer E. Bailey, Plaintiff in Error, v. Mary Niebruegge, Executrix, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918. Rehearing denied June 22, 1918.

### Statement of the Case.

Action by Homer E. Bailey, plaintiff, against Mary Niebruegge, executrix of the last will and testament of Herman Niebruegge, deceased, defendant, to recover for medical services rendered to defendant's testator. It appeared that plaintiff was not licensed to practice in Illinois and that while the treatment was administered by him in Missouri, he diagnosed the case in Illinois. To reverse a judgment for defendant, plaintiff prosecutes this writ of error.

C. W. RUTLEDGE and WARNOCK, WILLIAMSON & BURROUGHS, for plaintiff in error.

TERRY, GUELTIG & POWELL, for defendant in error.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 98*—*when on credibility of witness are erroneous.* In an action in which the evidence is highly contradictory and defendant's witnesses are interested in the result, it is erroneous to instruct the jury to take into consideration plaintiff's interest in determining the credit to be attached to his testimony.

2. PHYSICIANS AND SURGEONS, § 2*—*what is purpose of statute requiring license to practice.* The purpose of the statute requiring

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a license to practice medicine (Hurd's Rev. St. ch. 91, sec. 2, J. & A. ¶ 7378) is to prevent persons who are not qualified from practicing medicine upon the citizens of the State.

3. PHYSICIANS AND SURGEONS, § 5*—*when license to practice medicine necessary.* The act requiring a license for the practice of medicine (Hurd's Rev. St. ch. 91, J. & A. ¶ 7377 *et seq.*) applies to one who examines a person, diagnoses his ailment and professes his ability to treat, even though the actual treatment is administered in another State.

4. WITNESSES, § 64*—*when person not competent on ground of interest.* The exclusion of one from testifying on the ground that he is interested in the suit, *held* warranted by the evidence, even though the person denied that he was interested.

5. WITNESSES, § 254*—*when evidence of witness need not be accepted.* A court is not required to accept the story of a witness as true, even though there is no direct testimony refuting it, but the story may be overcome by inherent improbabilities or contradictions.

6. APPEAL AND ERROR, § 1625*—*when error in exclusion of evidence is cured.* Error in excluding evidence of a witness is cured where he is permitted later on to testify in regard to the matter.